UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Walter Broadnax, III, #329602, | ) C/A No. 9:12-3415-CMC-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Director Myers; | ) |
| Alvin S. Glenn Detention Center, | ) |
| Defendants. | ) |

The plaintiff, Edward Walter Broadnax, III, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as defendants the Alvin S. Glenn Detention Center (the "Detention Center") and Director Myers of the Detention Center.

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal



---

[1] 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure). Such is the case here.

## Background

According to the Complaint (*see generally* ECF No. 1), while previously incarcerated at the Detention Center, Plaintiff was placed on suicide watch in the "special housing unit." Inmates on suicide watch are housed one to a room, but because of over-population, inmates were being housed together. Plaintiff alleges that he was a "phase 1," or non-violent, offender, but was moved into a room with inmate Lorenzo Mintz, who was a "phase 3," or violent, offender. Plaintiff alleges that while lying down, Mintz beat him severely and held him hostage. Plaintiff states, "I was beaten so bad it messed my way of thinking. I have mental health problems . . . ." (*Id.* at 3.) Plaintiff claims that, as a result of the incident, he has pain and suffering and mental anguish, and that he "can't think stright [sic] and ha[ve] flashbacks and paranoi[a]." (*Id.* at 4.) He alleges that the officers "went against rules and violated my safty [sic] . . . and put my life in death's path." (*Id.*)

Plaintiff contends that he has been the object of cruel and unusual punishment, and seeks monetary damages.

2

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint, insofar as it names the Detention Center as a defendant in this case, does not name a "person" subject to a § 1983 claim. Inanimate objects such as buildings, facilities and grounds are not "persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the Detention Center is not a proper defendant upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this Court.

As for Defendant Myers, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted

3

by their subordinates, certain criteria must first be established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. Here, Plaintiff has not alleged any facts to demonstrate that this Defendant was aware of any pervasive or unreasonable risk of constitutional injury to the Plaintiff, or was deliberately indifferent to any such risk. *See Slakan v. Porter*, 737 F.2d 368, 373–74 (4th Cir. 1984) ("Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities.") (citation omitted). In fact, Plaintiff specifically alleges in the Complaint that the officers who placed him in the cell with Mintz "went against [the] rules" when they did so. Therefore, Plaintiff has failed to establish a claim for supervisory liability against Defendant Myers.

<u>Recommendation</u>

Based on the foregoing, the undersigned finds that Plaintiff has failed to set forth a plausible claim against any named Defendant. *Cf. Iqbal*, 556 U.S. at 682. Accordingly, it is recommended that the Court dismiss the above-captioned case without prejudice and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202–04 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) (essentially a redesignation of "old" § 1915(d)); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Dismissal without prejudice will allow



4

Plaintiff to file a new Complaint naming proper Defendants, if he chooses to do so, after exhaustion of his administrative remedies.

_____
Bristow Marchant
United States Magistrate Judge

January 2, 2013
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

